## Case No. 1,544.

### BLISS v. BROOKLYN.

[8 Blatchf. 533; 4 Fish. Pat. Cas. 596.][1]

Circuit Court, E. D. New York. July 12, 1871.

PATENTS — MUNICIPAL CORPORATION — LIABILITY FOR USE OF PATENTED IMPROVEMENT — REISSUE — INJUNCTION — ENJOINING USE OF HOSE COUPLINGS BY CITY.

1. The act of the legislature of New York, passed March 27, 1862 (Laws 1862, c. 63), has no effect to relieve the corporation of the city of Brooklyn from liability to pay the patentee of a patent for an improvement in hose-couplings used by it without his license.

[Cited in Allen v. Brooklyn, Case No. 218; Bliss v. Brooklyn, Id. 1,546; May v. Board Com'rs Logan Co., 30 Fed. 260; Asbestine Tiling & Manuf'g Co. v. Hepp, 39 Fed. 327.]

2. The fact that the patent is a reissued one, and that the hose-couplings were bought by the

---

city before the reissue was granted, does not confer the right to use them.

[Cited in Brown v. Deere, 6 Fed. 490.]
[See Ballard v. Pittsburgh, 12 Fed. 783.]

3. On final hearing, an accounting was decreed, but, as the hose-couplings were necessary for the daily use of the city in the prevention of fires, an injunction was withheld.

[Cited in Hoe v. Boston Daily Advertiser Corp., 14 Fed. 916; Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 804; Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. 896; Campbell Printing Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 935.]

[In equity. This was a bill in equity, brought [by William H. Bliss] to restrain the defendant from infringing letters patent for an "improvement in hose-couplings," granted to Robert Lawson and William H. Bliss, February 22, 1859, and reissued to plaintiff December 21, 1869, and referred to more particularly in the report of the case of Bliss v. Haight [Case No. 1,548]. It was insisted, on behalf of the defendant, that the city of Brooklyn was not liable for the acts of her officers, by virtue of the provisions of section 39 of the act of the legislature of New York, passed March 27, 1862. The section, in full, was as follows: "The city of Brooklyn shall not be liable in damages for any nonfeasance or misfeasance of the common council, or any officer of the city or appointee of the common council, of any duty imposed upon them, or any or either of them, by the provisions of titles four and five of this act, or of any other duty enjoined upon them, or any or either of them, as officers of government; by any other provision of this act; but the remedy of the party or parties aggrieved for any such nonfeasance or misfeasance shall be by mandamus, or other proceeding or action, to compel the performance of the duty, or by other action against the members of the common council, officer, or appointee, as the rights of such party or parties may by law admit, if at all."][2]

Wm. C. Witter & Geo. Gifford, for complainant.

Wm. C. DeWitt, for defendant.

BENEDICT, District Judge. This is a suit in equity brought to compel the city of Brooklyn to account for the use of a patent hose-coupling and for an injunction. The complainant's rights are based upon a reissued patent for an improvement in hose-coupling, dated December 1st, 1869. The use of the coupling by the city is undisputed, and the utility of the invention is thus proved. Neither the novelty of the invention nor the complainant's right to the patent are placed in issue, but the defence is mainly rested upon the act of the legislature of this state, passed March 27, 1862 (Laws 1862, c. 63). My opinion is, that the act in question is without effect to relieve the corporation of the city of Brooklyn from liability to pay

---

the complainant for the use of his patent. On the contrary, I hold the city liable, notwithstanding that act, for such use, from the date of the reissue to the filing of the bill. The use of the coupling in question does not come within the description of the acts for which, when committed by its officers, the city is relieved from liability by the act of 1862.

The point taken, that the city bought the coupling before the reissue of the patent, and when the only patent in existence was invalid, is not new, and cannot be maintained. Carr v. Rice [Case No. 2,440].

There must, accordingly, be a decree for the complainant, with an order for an accounting before a master. I do not grant an injunction at the present time, because of the fact that the couplings in question are necessary for the daily use of the city in the prevention of fires. The complainant's rights can, doubtless, be fully protected without a resort to an injunction.

[NOTE. For other cases involving this patent, see note to Bliss v. Haight, Case No. 1,548.]