JUDGE PETEES
delivered the opinion oe the court.
In this action, brought by the appellant against appellee Mercer, presiding judge of the Breckinridge County Court, and the other appellees, justices of the peace for said county, constituting the county court thereof, he alleges that on the 10th of May, 1871, he was traveling with his wagon and team of two- yoke of oxen on the public road leading from Clover-port to Bowling Green, and attempted to cross a bridge over the Tar Fork of Clover Creek on said road, which was and is under the control and jurisdiction of said defendants as the county court of Breckinridge County, said bridge being in said county and upon said road, which is a county road; said bridge being a part of the public highway established by and under the control of said county court, it was the duty by law of said defendants to keep said bridge safe and secure for the passage of persons, their teams and vehicles; that it was built by the county court of said county, and has been under their control for twenty years last passed; that the floor of said bridge suddenly broke down, whereby the plaintiff, his wagon and team falling through, fell a distance of many feet to the ground beneath said bridge, and thereby sustained great damage and injury to his person, his wagon, and team; that his *706 arm was broken, and he received other personal injuries, from which he suffered great bodily pain, and to save his life he was compelled to employ a physician at great expense; that on account of said injuries he was unable to return home, and was detained at a very busy season of the year for many days from home, whereby he sustained great loss and incurred heavy expenses; that he had been unable, by reason of the injuries sustained by the fall, to labor on his farm; and that the injuries received are permanent, from which he never will entirely recover, and all of which he received without any negligence or fault on his part; nor was his team restive or unmanageable, and he had no load on his wagon; that besides the personal injuries received by him one of his oxen was killed, of the value of- dollars, and his wagon broken. He alleges that without fault or negligence on his part the timbers of the floor of said bridge broke down, the same being defective and insufficient for the purpose of making a safe bridge, and asks judgment against defendants for ten thousand dollars in damages.
Appellant afterward filed an amended petition, in which he alleges that appellees were guilty of gross and criminal negligence in failing to know the unsafe condition of the bridge, in failing to notify travelers of the dangers of said bridge, and in neglecting to repair it; that it had been built more than twenty-six years; that the defects and decays were underneath the floor of the bridge, and could not be discovered by appellant and others passing over the same; that they could only be discovered by examinations made under the floor; that it was the duty of appellees, constituting the county court, to have inspected said timber’s or cause it to be done; to have had it repaired and kept in repair, they having the legal authority to levy and collect a tax sufficient for that purpose; and, having failed to do so, that they are responsible to him for the damages he has sustained by reason of their neglect of duty as aforesaid.
*707 Defendants’ demurrer to the original and amended petition having been sustained, and no further amendment having been tendered, the petition was dismissed; and to reverse that judgment this appeal is prosecuted.
No statute has been cited by the learned counsel for appellant, and we are not aware of any, which either expressly or by necessary implication renders appellees liable to appellant for the injuries complained of; and if such liability exists, it must be upon the principles of the common law.
Counties are local subdivisions of a state, created by the sovereign power of the state of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. The former organization is asked for, or at least assented to, by the people it embraces; the latter is superimposed by a sovereign and paramount authority. A municipal corporation proper is created mainly for the interest, advantage, and convenience of the special locality and its people. A county organization is created almost exclusively with a view to the policy of the state at large for purposes of political organization, and civil administration in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are in fact but a branch of the general administration of that policy. (Commissioners of Hamilton County v. Mighels, 7 Ohio State Rep. 109, and authorities cited.)
The legislature may have the power by express enactment to make the people of the county and the members of the county court responsible for the official delinquencies of the county court; and if in their wisdom they should deem it just and proper to fix a responsibility on the people of the county *708 or the members of the court for flagrant neglect of duty, whereby an injury was sustained by an individual, it would be the duty of the courts to enforce the law. But this has not been done, and we do not think, according to the principles of the common law, such an action for indemnity can be maintained against the members of the county as a county court, or against them individually for personal liability.
"Wherefore the judgment is affirmed.