J. M. MASON, ET. AL. *v.* COMMONWEALTH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—360.]

**Discharge in Bankruptcy as Defense.**

> A surety in a county levy bond given by the sheriff is not released
> by a discharge in bankruptcy from his previous liability to a county
> under judgment rendered in the name of the commonwealth for the
> use of the county.

**Statute of Limitations.**

> In a charge of fraud the statute of limitations begins to run only
> from the time of the discovery of the fraud.

APPEAL FROM HENDERSON CIRCUIT COURT.

November 21, 1884.

OPINION BY JUDGE LEWIS:

In August, 1876, appellant Mason conveyed the tract of land
sought in this action to be subjected for a nominal consideration to
Gregory. But it is alleged and not denied that the conveyance was
made without any actual consideration passing from the grantee,
for the sole purpose of cheating, hindering and delaying Mason's
creditors in the collection of their just debts, and that Gregory
knew of that purpose and accepted the deed with the intent to enable
Mason to carry out the purpose mentioned.

At the date of the deed Mason was liable as surety of the Sheriff
of Henderson in the bond executed for the collection of the county
levy and public dues for the year 1874, and the Sheriff had already
defaulted in collecting, paying over and accounting therefor.

At the October term, 1876, in an action in the name of the Com-
monwealth of Kentucky for the use of Stone, Receiver of the Hen-
derson County Court, judgment was rendered against the Sheriff and
his sureties, including Mason, for the amount of defalcation. And,
an execution having previously issued and returned, no property

found, this action was instituted March 25, 1882, to subject the land conveyed to Gregory to the satisfaction of the judgment.

Two grounds of defense to the action are relied on. First, that the action was not commenced within six years after the discovery of the alleged fraud, and, Second, that in 1876 Mason filed his petition in the United States District Court, was adjudged a bankrupt, and in 1878 received a discharge in bankruptcy.

As to the first defense, even if it could be pleaded and relied on in this case, it is denied and is not shown that the plaintiff discovered the fraud more than five years before the commencement of the action.

It has been held by this court that the power conferred upon Congress by the Constitution to pass uniform laws in reference to bankruptcy does not confer the power to interfere between the state and its debtor. *Johnson v. Auditor,* 78 Kentucky, 282, and authorities there cited.

It follows therefore that if this had been a judgment in favor of the Commonwealth directly against the Sheriff and his sureties upon a revenue bond, the subsequent discharge in bankruptcy of one of the sureties would not have released him from the debt. And as the conveyance of the land to Gregory was fraudulent and void, it could have been subjected to the satisfaction of such judgment.

"A county organization is created almost exclusively with a view to the policy of the state at large for the purpose of political organization and civil administration—and with scarcely an exception all the powers and franchises of the county organization have a direct exclusive reference to the general policy of the state and in fact are but a branch of the general administration of that policy." *Wheatly v. Mercer,* 9 Bush, 704.

Such being the relation of the counties to the state it would seem to follow that the surety in a county levy bond given by the Sheriff would not be released by a discharge in bankruptcy from his previous liability to a county under judgment rendered in the name of the Commonwealth for the use of the county.

The judgment is *affirmed.*

*Clay & Banks, for appellants.*

*Yeaman & Lockett, for appellee.*