### May and others *v.* Mercer Co.

*(Circuit Court, D. Kentucky.* February 25, 1887.)

1. Counties—In Kentucky—Liability for Infringement of Patent.
   A Kentucky county is a corporation, and an action can be maintained against it for the infringement of a patent.

2. Patents for Inventions—Action for Infringement—Pleading—Rev. St. U. S. § 4919.
   Under Rev. St. U. S. § 4919, providing that "damages for the infringement of any patent may be recovered by action on the case," it is sufficient that the plaintiff's pleading, in an action to recover such damages, contains all the allegations material to make an action on the case, and it will not be demurrable because called a "petition," the Code term, instead of "declaration," the common-law term.

3. Judgment—Conclusiveness—Patent-Right—Executor's Sale—Confirmation.
   Where a court, having general jurisdiction of the estates of decedents, has confirmed a sale by an administrator of a right of action for infringement of a patent owned by the decedent, the order thus made is conclusive upon another court, in which an action is brought by such assignee upon such right of action, of the assignee's right to sue, and the latter court will not inquire whether the former court could, under the statutes of the state, legally sell such assets, or whether the original order of sale was broad enough to include the chose in action.

On Demurrer.

Barr, J. Edwin May obtained, on the fourth of October, 1859, a patent from the United States for a new and useful improvement in the construction of prisons. At the end of fourteen years he obtained a renewal for seven years more of his patent. He died in Marion county, Indiana, February 27, 1880, owning said patent-right, which expired in the following October, 1880. Afterwards Edwin Forrest May was by the circuit court of said county appointed executor of the last will and

testament of said Edwin May, deceased. This was March 6, 1880, and afterwards he resigned, (June, 1880,) and George F. McGinnis was appointed, on June 7, 1880, administrator *de bonis non*, with the will annexed. The plaintiff Sarah May brought this suit against the county of Mercer, alleging an infringement of said patent-right, and claiming damages therefor. In her original petition she claimed this as the assignee of McGinnis, administrator with the will annexed. This right of action is based on a purchase of this and other assets of decedent at a sale made by said administrator about March 6, 1882, under an order of said Marion circuit court. The assignment is recited in an amended petition; subsequently George F. McGinnis, administrator with the will annexed, was allowed to become a plaintiff with Sarah May. The suit is now proceeding in their names.

The defendant has filed a demurrer to plaintiff's petition, alleging four grounds—(1) The court has no jurisdiction of this defendant. (2) The plaintiff Sarah May has no legal capacity to sue. (3) This action is not maintainable by petition; but the cause of action sought to be alleged by the plaintiff can only be maintained by means of an action of trespass on the case, and by declaration as at common law. (4) The petition is in divers other respects bad and insufficient in law, and particularly in that it does not state facts sufficient to constitute a cause of action against this defendant.

The first and fourth grounds of demurrer will be considered together, as they deny the liability of the county of Mercer for the infringement of this patent. It is insisted that a county is merely a territorial division of the state, and exists solely as a political subdivision of the state, hence cannot be sued at all. If this be not true, then it is insisted that, although a county may be sued upon contracts which are within the express or implied power given to counties by the law, they being to that extent corporations, they cannot be sued for this infringement, because it is a tort, and can only be sued for in an action of trespass on the case. The counties in Kentucky are more than mere political subdivisions of the state. They are corporations, and, within the scope of the powers given, can contract and be contracted with, and, as a consequence, sue and be sued. The usual representative of the counties is the county court, usually known as the county levy court; but sometimes there may be other representatives. The county bonds, issued by commissioners appointed under the provision of a statute, or in the statute itself, would bind the county, if the law is pursued. In regard to public buildings, the county court is the representative agent of the county. Article 16, *c.* 28, of General Statutes, provides "that county courts have jurisdiction to lay and superintend the collection of the county levy; erect and keep in repair necessary public buildings, bridges, and other structures, and superintend the same; regulate and control the fiscal affairs and property of the county; make provision for the maintenance of the poor; and provide for a good condition of public highways in the county; and to execute all of its orders consistent with law and within its jurisdiction." In fourth section of article 17 of same chapter it is pro-

vided that "the county court, as the court of claims of each county, shall cause to be erected, and keep in repair, a secure and sufficient county jail; and upon a failure to erect and keep in repair a good and sufficient jail, each member of the court whose name does not appear recorded in favor thereof, shall be liable to a fine of not less than fifty, nor more than one hundred, dollars." The county courts are thus not only given the authority to erect and keep in repair jails, but the individual members are made liable in a penalty if they do not "cause to be erected and keep in repair a secure and sufficient county jail."

It cannot be doubted that the county courts, in the name of the county, could make the necessary contracts for the erection and keeping in repair a secure and sufficient county jail, and, as a consequence, could sue and be sued upon such contracts, whether they be express or implied. *Washer* v. *Bullitt Co.*, 110 U. S. 558, 4 Sup. Ct. Rep. 249. Indeed, the recent case of *Lawrence Co.* v. *Chattaroi R. Co.*, 81 Ky. 225, goes to the extent of deciding that public buildings, bridges, etc., belong to the county as a corporation, and the county may sue for an injury done to them in an action on the case. This seems to be the opinion of the court, also, in *Christian Co. Court* v. *Rankin*, 2 Duv. 503. We are referred to *Wheatly* v. *Mercer*, 9 Bush, 704, and the manuscript opinion in *Mobley* v. *Carter*, as holding a contrary doctrine.

The case of *Wheatly* v. *Mercer* was an effort to make the county court as a corporation, or the individual members thereof, liable in damages for a defective bridge, which caused the injury complained of. Although the reasoning of the court indicates they would have held the county not to be liable if it had been sued, the decision is clearly correct, because the county court is not a corporation, but only the agent of the corporation, *i. e.*, the county. The individual members of the court would not, of course, be liable, unless made so by statute.

The manuscript opinion seems to be in conflict with the decision in *Lawrence Co.* v. *Chattaroi R. Co.* The reasoning of this latter case, applied to the case at bar, would settle the liability of the county for this infringement, if it has in fact infringed plaintiff's patent; because, if a county owns its public buildings, and may sue for injuries done them, there is no reason why the counties are not liable for property taken and used in the erection of such public buildings, even though the property was wrongfully taken. Indeed, there is no good reason why, if this case is the law of Kentucky, counties should not be liable to be sued, in regard to injuries arising from neglect of the county in regard to such property, to the same extent and manner as cities would be. At one time corporations could not be held liable for torts, because torts are never authorized by corporate charters, and would therefore be *ultra vires;* but this doctrine has been abandoned. *Salt Lake City* v. *Hollister*, 118 U. S. 256, 6 Sup. Ct. Rep. 1055.

Mr. Walker, in his book on Patents, states the law thus:

"Section 409. The law is that every private corporation is liable for all torts which were authorized by that corporation, and for all torts done in pursuance of any authority to act on its behalf on the subject to which the tort re-

lates, and for all torts ratified by the corporation after they are committed. ⁂ ⁂ ⁂ Unless their charters otherwise provide, public corporations, which are liable at all for infringements of patents, are doubtless liable under the same circumstances, and to the same extent, as private corporations are."

Clearly this county would have been liable for the agreed royalty, had there been a contract; but as the patented invention was used without right and without a previous contract, and the recovery can only be had in an action on the case, it is insisted there can be no recovery. If the county had taken stone or other material, and used them in the erection of this jail, the county could have been sued for the property, and the value of it recovered. It is insisted, however, this could only be done by waiving the tort, and suing in *assumpsit.* This would certainly be the case if the old doctrine that a corporation is not liable to be sued for a tort was still the law; but, as that doctrine has been abandoned, why should not this corporation, *i. e.,* the county, be sued for thus taking, without right, stone and other material, and using it in its jail, and damages recovered for the wrongful act?

The statute which prescribes an action on the case, limits the verdict to the actual damage done the patentee by the unlawful use of his patent, and it is usual in such suits for an infringement, by the use of a patent-right, to make the usual royalty the measure of damage and recovery. It is true, under the statutes, the judge in his discretion may enter a judgment beyond the actual damages sustained, not exceeding three times the amount of the verdict; but this only proves that congress did not mean to have this statutory property, *i. e.,* the exclusive right to make, use, and sell, for a limited period, one's own invention, less well protected than other property.

There are many cases which hold that a county cannot be sued at all, —this will, of course, depend upon the nature and character of the subdivisions called " counties," in the respective states,—and some that they cannot be sued for torts; but, assuming that a county is a corporation, and may sue and be sued for its contracts made within the scope of the authority given them, there is only one case known to me which holds that a county is not liable for the infringement of a patent-right by its use, and that is *Jacobs* v. *Commissioners Hamilton Co.,* decided in 1861, and reported in 1 Bond, 500. That decision is based upon the case of *Commissioners Hamilton Co.* v. *Mighels,* 7 Ohio St. 109. That case was an effort to make the commissioners of Hamilton county liable in damages for bodily injuries caused Mighels by falling through a hole in a stairway of the court-house, which had been left negligently without guard or protection. There is, I think, a distinction between such a case and one which seeks to recover damages for the illegal taking of property and using it for the benefit of the public, as is the case at bar. *Salt Lake City* v. *Hollister,* 118 U. S. 256, 6 Sup. Ct. Rep. 1055, is an instructive opinion upon this subject. This case, however, has not been followed, but disregarded by several distinguished and learned judges. Justice DAVIS, of the supreme court, in the case of *May* v. *Johnson Co.,* MS., (Indiana Seventh circuit,) held the county liable for the infringement of this patent by using

it in its jail. This was in 1872. Judge DYER, in the case of *May* v. *County of Fond du Lac*, Wisconsin, held the same way. This was in May, 1886. See 27 Fed. Rep. 695. It is stated by counsel that Judges JACKSON and BUNN have also decided that counties are liable for an infringement of this May patent. This seems to me to be the just and reasonable view, and to accord with the present doctrine as to the liability of counties.

In regard to the objection that this action must be an action on the case, I think the present petition is substantially that. It seems to have followed substantially the forms given in the books for this kind of suit. The fact that it is called "a petition," and not "a declaration," can make no difference. The courts should give effect, as far as practicable, to both sections 4914 and 4919. In construing those sections together, we conclude that this action should be an action on the case; but if the complaint, whether called a declaration or a petition under the Code, contains all the allegations material to make an action on the case, that will be sufficient.

The Marion circuit court of Indiana had jurisdiction of the subject-matter, *i. e.*, the estate of Edwin May, and it is a court of general jurisdiction, and that court has confirmed the sale of this right of action; hence this court will not attempt to revise that judgment, and declare either that by the statutes of Indiana that court could not legally sell such assets, or that the order given by that court was not broad enough to include this chose in action. That court has construed its own order by confirming the sale, and this court will not attempt to revise it.

The demurrer should be overruled; and it is so ordered in all of the cases similar to this one.