MAY *v.* COUNTY OF RALLS. SAME *v.* COUNTY OF JEFFERSON. SAME *v.* COUNTY OF ST. GENEVIEVE.

*(Circuit Court, E. D. Missouri, E. D. June 4, 1887.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT BY COUNTY.
   Under Rev. St. U. S. § 4919, which provides that "damages for the infringement of any patent may be recovered by an action on the case," a county of the state of Missouri may be sued at law for the infringement of a patent.[1]
2. SAME—STATE STATUTE OF LIMITATION.
   A state statute of limitation cannot, even in the absence of any federal statute, be pleaded in bar of an action at law for the infringement of a patent.

At Law.   Demurrer to petition.
*George H. Knight,* for plaintiff.
*George D. Reynolds* and *Hough, Overall & Judson,* for defendants.

THAYER, J., *(orally.)* These cases are actions at law for infringement of letters patent. The demurrer on file in each case raises two questions.

The first question is whether a state statute of limitations (in the absence of any federal statute of limitations) may be invoked in bar of an action of this nature. There have been diverse rulings upon the question in various circuit courts of the United States, but the question has never been authoritatively passed upon by the supreme court of the United States. By an actual count, there are five cases holding the affirmative of the proposition, while there are ten holding the negative. Without any reference to the mere number of cases, I think that the weight of reason is with the decisions holding the negative of the proposition, viz., that a state statute of limitations cannot be pleaded in bar of actions of this character. I rest my conclusion mainly on the ground that actions of this sort are purely statutory, and are created by the laws of the United States, and are exclusively cognizable in the federal courts. A state statute of limitations, in my opinion, can have no application to actions so created and so cognizable, even in the absence of any federal statute on the subject. The first question is therefore answered in the negative.

The second question is whether a county of the state of Missouri can be sued at law for the infringement of letters patent. Section 4919 of

---

[1] Respecting the liability of a county for infringement of a patent, see May v. County of Juneau, 30 Fed. Rep. 241, and note.

Revised Statutes of United States provides that "damages for the infringement of any patent may be recovered by an action on the case in the name of the party interested." It is insisted that counties of this state are political subdivisions of the state, and not ordinary municipal corporations; that, under the laws of this state, counties can only be sued for the enforcement of contracts which they are expressly authorized to make, and have made; that they have not been made liable to suits in form *ex delicto;* and therefore that an action at law for the infringement of a patent, which action sounds in tort, and is denominated in the statute "an action on the case," cannot be maintained.

It is very well settled in this state, as all lawyers know, that counties are not liable for acts of omission on the part of county officials; as, for instance, for failure to keep roads and bridges or public buildings in repair and in a safe condition, and, for injuries sustained in consequence of such neglect on the part of county officials, a suit is not maintainable against a county. It has also been held, under certain local statutes which prevail in this state, that counties of this state cannot be held as upon an implied *assumpsit* for services rendered in their behalf which have proven beneficial, and have been accepted. So much may be conceded; but the concession so made does not meet the question raised by this demurrer. Congress has exclusive control over the grant of letters patent, and may authorize suits for infringement to be brought in such form, and against such persons or corporations, as it deems expedient. It could not authorize a suit for infringement to be brought against a state under the eleventh amendment of the constitution, but no reason is perceived why it may not authorize a suit against a *quasi* municipal corporation, like a county, which has been created by a law of the state, and under state laws may be sued for certain purposes, no matter what may be the peculiar policy of the state with reference to relieving counties therein from liability for acts of non-feasance of county officials. A state cannot exempt counties from liability for infringement of letters patent, because exclusive jurisdiction over that subject-matter has been vested in the federal government. By section 4919, above referred to, suits at law have been authorized in the form of case for the infringement of letters patent. No exception has been made by act of congress in favor of any wrong-doer. The provision is general in its terms, and may as well include counties as other corporations or individuals.

The power of congress to authorize suits of this particular kind to be brought against counties is, in my judgment, ample. Why should it be held, then, that counties are not within the purview of section 4919, *supra*, but are exempt from such suits, even though they have been guilty of acts of infringements? A patent is personal property. A county has the physical power to appropriate such property. If it does so wrongfully, why should it be exempt from liability any more than an individual? As was said in *Marsh* v. *Fulton*, 10 Wall. 676, (and alluded to in the case of *May* v. *Commissioners of Logan Co.*, 30 Fed. Rep. 258, 259:) "The obligation to do justice rests upon all persons, natural and artificial;

and, if a county obtains the money or property of others without authority of law, the law, independent of any statute, will compel restitution or compensation."

My conclusion (in common with that of several other courts in which a similar question has arisen) is that counties in this state are subject to actions of this character.

The demurrers in the three cases will be overruled.