PAINTER v. NAPOLEON TP. et al.

(District Court, N. D. Ohio, W. D. September 18, 1907.)

No. 1,310.

1. BANKRUPTCY—VOIDABLE PREFERENCES—LIABILITY OF TOWNSHIP TO SUIT.

A trustee in bankruptcy may maintain a suit against a township or its trustees under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], to recover a preferential payment received on behalf of the township under such circumstances as to render it voidable under said section.

2. SAME—SUIT BY TRUSTEE TO RECOVER PREFERENCE—SUFFICIENCY OF BILL.

A bill by a trustee in bankruptcy to recover a preference under Bankr. Act July 1, 1898, c. 541, § 60b [as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 799 (U. S. Comp. St. Supp. 1905, p. 689)], must contain four essential allegations, viz.: (1) That the bankrupt was insolvent when the alleged preference was given; (2) that it was within four months prior to the bankruptcy; (3) that the effect of the enforcement of the judgment or transfer will be to enable the defendant to obtain a greater percentage of his debt than any other creditor of the same class; and (4) that defendant had reasonable grounds to believe that a preference was intended. The omission of any one of such allegations renders the bill demurrable.

In Equity. On demurrer to bill.

Charles K. Friedman and James P. Hagan, for trustee in bankruptcy.
Donovan & Dittmer, for board of trustees of Napoleon township.

SATER, District Judge. The bill alleges that on or about September 12, 1906, the bankrupt, Delventhal, who was five days later adjudged a bankrupt, knowing that he was insolvent and unable to pay his creditors in full, with intent to prefer as a creditor the township of Napoleon, Henry county, Ohio, and its board of trustees, and to defraud his other creditors, and in violation of the bankrupt law, took from his funds the sum of $2,500, and transferred and paid the same to the defendants, and that the defendants at that time had rea-

156 F.—19

son to believe and know that Delventhal was insolvent, and that the payment so made to them by him was for the purpose of preferring them as one of his creditors. The bankrupt's assets in the trustee's possession are alleged to be insufficient to pay his creditors. The prayer is that the money so paid by him be declared to be held in trust by the defendants for the bankrupt's estate, and that its recovery be awarded. The township having been dismissed, the case is for decision on the demurrer of the board of trustees to the bill.

The first contention of the board of trustees is that in view of Commissioners of Hamilton County v. Mighels, 7 Ohio St. 109, an action of this kind cannot be maintained against it. In that case an action for damages for personal injuries was brought against the board of county commissioners. The seventh section of the act of March 12, 1853 (51 Ohio Laws, p. 423), establishing boards of county commissioners and prescribing their duties, provided that the board of commissioners of each county shall be capable of suing and being sued, pleading and being impleaded, in any court of judicature in the state, and authorized and required such board to ask, demand, and recover, by suit or otherwise, any money or other property due to its county on account of advances made by it on any contract for the erection or repair of any public building or bridges, or on any other contract which the board was authorized by law to make, and also to sue for and recover in money the value or amount of any labor or article of value, subscribed instead of money, to aid in erecting or repairing public buildings or bridges, if such money or thing of value shall not have been paid or delivered in a reasonable time. All money recovered was to be paid into the county treasury. Under that statute a board of county commissioners might sue only as to matters arising out of some contract which it was by statute authorized to make, and, although the statute was silent as to matters in reference to which such board might be sued, it was nevertheless said that it might fairly and reasonably be implied that such a board might be sued on all causes of action originating in contracts which it had statutory authority to make. As the statute did not authorize the maintenance of an action sounding in tort, the court found that the people of the county could not be held thereunder to answer for the torts committed by its board of commissioners or its members while in the discharge of official functions. The act of 1853 did not constitute a board of county commissioners a body corporate; but it is manifest that, had it done so, that fact would not have been influential, because the court, to sustain its conclusion, cited Board of Chosen Freeholders of Sussex County v. Strader, 18 N. J. Law, 108, and Hedges v. County of Madison, 1 Gilman (Ill.) 567, both of which cases were decided under statutes expressly creating boards of county commissioners bodies corporate. The court held that, in an action sounding in tort, a board of county commissioners had no liability either under the statute or at common law. The doctrine of the Mighels Case has been repeatedly affirmed by the same court, and it was not until the General Assembly so amended the county commissioners act as to render a board of county commissioners liable for negligence and carelessness that an action sounding in tort could be maintained against such a board.

The Ohio statute does not authorize the bringing of an action against a board of trustees of a township, or its members, while in the discharge of official duties, for negligence or carelessness. Section 1376, Rev. St. Ohio, among other things, provides as follows:

"Every civil township heretofore or hereafter lawfully laid off and designated, is declared to be, and is hereby constituted, a body politic and corporate, for the purpose of enjoying and exercising the rights and privileges conferred upon it by law; it shall be capable of suing and being sued, pleading and being impleaded, and of receiving and holding real estate by devise or deed, or personal property, for the benefit of the township for any useful purpose."

Then follow provisions to hold such property in trust, to receive conveyances of real estate when necessary to secure or pay any debt or claim due to the township, and to sell the real estate so received. Other sections of the statute confer the right to enter into given contracts. The attitude of a board of township trustees is substantially that of a board of county commissioners under the act of 1853, and it is therefore urged that an action of this character cannot be maintained.

In May v. Board of Commissioners of Logan County, Ohio (C. C.) 30 Fed. 250, decided in 1887, the doctrine of the Mighels Case was refused recognition as an authority when interposed as a defense to an action brought under a federal statute operating uniformly throughout the United States and enacted in pursuance of power vested in Congress by the federal Constitution. The powers of boards of county commissioners were then substantially the same as under the act of 1853. May sued for the infringement of a patent. The defense made in that case was the same as the defense made in this, and was based on the Mighels Case. Jackson, J., said:

"It is well settled by the authorities that political subdivisions of the state, such as counties and townships, are not responsible for acts of omission by their officials, as for their negligence in constructing public buildings, or in erecting, maintaining, and repairing highways, bridges, etc. The case of Hamilton County Com'rs v. Mighels, 7 Ohio St. 109, belongs to this class of authorities, which exempts counties from liability for mere personal injuries arising from negligent acts of omission or commission on the part of their agents. It has no application whatever to cases like the present, in which the property of another has been either willfully or negligently appropriated by such agents to the use and benefit of the county. In such cases the benefit secured cannot be retained and enjoyed by setting up the wrongful act in obtaining it. To allow this would violate the plainest dictates of justice and common honesty. * * * The state could not, by either direct or indirect legislation, exempt its counties from liability for the infringement of patents, nor has it attempted to do so. The patentee's rights and remedies are created and defined by Congress, which has, under the Constitution, the exclusive control of the subject. The right is given and remedy created by federal statute, which does not exempt counties from the obligation to respect the exclusive grant to the patentee of making, selling, and using his invention. * * * It is equally unsound to say that the plaintiff's rights in such cases are dependent upon the state permission to make counties liable for torts. No special enactment of the state of Ohio is needed to make her counties liable for the infringement of a patent."

The May Case, supra, is cited and approved in May v. County of Ralls (C. C.) 31 Fed. 473, 474, and in May v. Saginaw Co. (C. C.) 32 Fed. 629, in both of which cases the same ruling was made. See, also, May v. County of Fond du Lac (C. C.) 27 Fed. 691, May v.

Mercer County (C. C.) 30 Fed. 246, and May v. Commissioners of Johnson County, Fed. Cas. No. 9,334, in all of which counties were held liable for the infringement of a patent. From Bliss v. Brooklyn, 8 Blatchf. 533, Fed. Cas. No. 1,544, it appears that the state of New York, by express legislative enactment, endeavored to exempt the city of Brooklyn from damages for any nonfeasance or misfeasance of the common council, or any officer of the city, or appointee of the common council, of any duty imposed upon them by certain provisions of the act, and to relegate the party aggrieved for his remedy for any such nonfeasance or misfeasance to mandamus, or other proceeding or action against the members of the common council, officer, or appointee, as the case might be. The act in question, in so far as it sought to relieve the city of Brooklyn from liability to pay the complainant for the use of his patent, was held to be without effect. Other cases holding municipal corporations liable in damages for the infringement of a patent are Ransom v. New York, 1 Fish. Pat. Cas. 252, Fed. Cas. No. 11,573, and Asbestine Tiling & Mfg. Co. v. Hepp (C. C.) 39 Fed. 324. It is true the doctrine of the Mighels Case was followed in Jacobs v. Hamilton County, 1 Bond, 500, Fed. Cas. No. 7,161, and the county was relieved from liability for the infringement of a patent, but that case is expressly disapproved in May v. Board v. Commissioners of Logan County, supra, is not in harmony with the weight of authority, and has never been followed. The course of reasoning which in May v. Commissioners of Logan County limited the application of Commissioners of Hamilton County v. Mighels as an authority, and on which rest all of the foregoing cases for the infringement of patents, is applicable to this case, and overthrows the contention of the board of township trustees.

The recitals of the bill indicate that the pleader intended to cover violations of section 60a and section 60b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901; p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], and section 67e of the bankrupt act. By the act of 1903 amending sections 23b, 60b, and 70e, a trustee in bankruptcy is authorized to bring a suit to recover property. This is not an action for personal injury arising from the negligent act of omission or commission on the part of the township's agents, but an action authorized by the national bankrupt law to recover money charged to have been paid to the board of township trustees by Delventhal, while insolvent, within five days prior to his adjudication as a bankrupt, with an intent to create a preference and to defraud his other creditors, and to have been received by the board with reason on its part to believe and know that he was insolvent at the time of payment, and that the payment was purposely made to prefer the township as a creditor. If the averments of the bill are true, and if the effect of the payment to the board of trustees was to enable it to obtain a greater percentage of its debt than any other creditor of the same class, then Delventhal's property, in the distribution of which his creditors are entitled to share, was wrongfully, and in violation of the provisions of the bankrupt act received and appropriated by the board of trustees to the use and benefit of the township, and the board

now seeks to retain and enjoy the benefits thus obtained by its own wrongful act. The nature of the bankrupt's liability to the township is not stated, nor is there a showing of when and how such liability arose; but, if the board's contention is correct, an insolvent debtor, within four months prior to the filing of a petition in bankruptcy, or after the filing of such petition and before the adjudication thereof, may designedly and successfully, with an intent to defraud his creditors, create a preference in favor of a township whose agents know or have reasonable cause to believe and know that a preference in its behalf is intended, and that the enforcement of such transfer will be to enable it to obtain a greater percentage of its debt than any other of the bankrupt's creditors of the same class. The township would thereby obtain and retain a greater percentage of its debt than any other creditor of the same class, and thus defeat the salutary provisions of a beneficent law designed to accomplish an equitable distribution among creditors of bankrupt estates. In Marsh v. Fulton County, 10 Wall. 676, 19 L. Ed. 1040, Mr. Justice Field said:

"The obligation to do justice rests upon all persons, natural and artificial, and, if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation."

The same obligation in this respect rests upon a township as upon a county. The rights and remedies of a trustee in bankruptcy are created and defined by Congress, which, under the federal Constitution (article 1, § 8, cl. 4), has exclusive control of the subject of bankruptcies, with the one qualification that its laws thereon shall be uniform throughout the United States. The rights given and the remedies thus created by federal statute may be enforced against townships or their boards of trustees. Nor is the state's permission, by legislative enactment or otherwise, necessary to the maintenance of an action of this character, or to make townships or their boards of trustees liable therein. Had the Legislature of Ohio specially enacted that townships and their boards of trustees should be exempt from liability in cases like this, such enactment would be ineffective. Bliss v. City of Brooklyn, 8 Blatchf. 533, Fed. Cas. No. 1,544; May v. Com'rs of Logan County (C. C.) 30 Fed. 250; May v. County of Ralls (C. C.) 31 Fed. 473. If a state law conflicts with an act of Congress, the state law must yield (Smith v. Parsons, 1 Ohio, 236, 13 Am. Dec. 608), because the laws of the United States, when made in pursuance of the Constitution, form the supreme law of the land, anything in the Constitution or laws of the state to the contrary notwithstanding (McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579; article 6, Const. U. S.; In re Debs, 158 U. S. 564, 579, 15 Sup. Ct. 900, 39 L. Ed. 1092; Lewis' Sutherland's Stat. Constr. [2d Ed.] 22).

The contention that this action cannot be maintained, and that no liability was incurred by receiving payment from Delventhal, because the powers of the township and of its board of trustees are such only as are defined by statute, and that the bill does not disclose that the cause of action arose out of the exercise of some power expressly conferred or necessarily implied, or that the board was acting within its corporate authority when it received the money paid to it, is the

same as was made in Salt Lake City v. Hollister, 118 U. S. 256, 6 Sup. Ct. 1055, 30 L. Ed. 176, in which the city, admitting that it had distilled and sold spirits and had received the money therefor, denied its corporate authority so to do, and claimed exemption from the payment of the tax which the laws of the United States require of every one else who did the same thing. Mr. Justice Miller answered the argument thus:

"The truth is that, with the great increase in corporations in very recent times, and in their extension to nearly all the business transactions of life, it has been found necessary to hold them responsible for acts not strictly within their corporate powers, but done in their corporate name, and by corporation officers who are competent to exercise all the corporate powers. When such acts are not founded on contract, but are arbitrary exercises of power in the nature of torts, or are quasi criminal, the corporation may be held to a pecuniary responsibility for them to the party injured."

The demurrer, in so far as it questions the right to maintain the action against the board of township trustees, is overruled.

The demurrer, however, also questions the sufficiency of the bill. The bill does not aver that the enforcement of the transfer alleged will be to enable the board of trustees to obtain a larger percentage of its debt than any other creditor of the same class. Such an averment is essential to the statement of a cause of action. Section 60a of the bankrupt act as amended. "The test of a preference, under the act, is the payment, out of the bankrupt's property, of a larger percentage of the creditor's claim than other creditors of the same class receive." Swarts v. Fourth Nat. Bank of St. Louis, 117 Fed. 1, 4, 54 C. C. A. 387. To recover, the bill must allege and the proof must sustain four statutory elements constituting a preference:

"First, the insolvency of the debtor at the time the judgment was entered or the transfer made in favor of the creditor; second, that this was done within four months of bankruptcy; third, that the effect of which was that the defendant obtained a greater percentage of his debt than any other creditor of the bankrupt of the same class; and, fourth, that the defendant or his agent had reasonable grounds to believe that it was intended by such transfer of property (or judgment) to give a preference to the defendant within the meaning of the acts of Congress relating to bankruptcy. If the trustee fails to allege any one of these claims, his bill, declaration or petition is bad on demurrer. If he fails to prove all of these elements, judgment should be entered for the defendant." Loveland on Bankr. (3d Ed.) 622.

The bill having failed to allege the third of the foregoing statutory requirements, the demurrer is for this reason sustained.