## Greer, Trustee in Bankruptcy, *v.* Butler County National Bank, Appellant.

*Bankruptcy—Voidable preference—Note—Surety—Suit by trustee.*

In an action of assumpsit, by a trustee in bankruptcy to recover money alleged to have been received by defendant, under circumstances which made the taking thereof a voidable preference, it appeared that the defendant bank agreed to make an additional loan of $2500 to a debtor, if a surety was obtained and if $1500 of the existing indebtedness was paid off. It also appeared that the loan was made within four months of the debtor's bankruptcy and that $1500 of the proceeds thereof was applied to existing obligations. It further appeared that the defendant had reasonable ground to believe its debtor was insolvent at the time the $1500 was received, and that a preference would be affected.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

While the total debt was increased by the transaction, the bank received $1500 in cash and obtained a note for $2500 with surety, and the effect was to give it a greater proportion of its claim than other creditors of the same class would receive.

To constitute a voidable preference it must appear that the debtor was insolvent at the time of the transfer in favor of the creditor; that the transfer was made within four months of bankruptcy; that the defendant had reasonable cause to believe that the enforcement of such transfer of property would effect a preference; and that the effect was that the defendant would obtain a greater precentage of its debt than any other creditor of the bankrupt of the same class.

Argued April 20, 1926. Appeal No. 136, April T., 1926, by defendant, from judgment of C. P. Butler County, March T., 1926, No. 47, in the case of Thomas

H. Greer, Trustee in Bankruptcy of A. F. Burkhard Motor Company, v. Butler County National Bank. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit by trustee in bankruptcy to recover money alleged to have been received by defendant under circumstances which made the taking thereof a voidable preference. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,571.25 and judgment thereon. Defendant appealed.

*Errors assigned,* were refusal of defendant's motion for judgment n. o. v. and the charge of the court.

*James M. Galbreath,* and with him *W. Z. Murrin,* for appellant.—There was no preference given the bank: Cook v. Tullis, 18 Wallace, 332; Bernhisel v. Firman, 28 Wallace 170; Schwab, 258 Fed. Rep. 772; National Bank v. Gish, 72 Pa. 13.

*Zeno F. Henninger,* for appellee.—The defendant had reasonable cause to believe that the transfer would effect a preference: Schutte v. Swank, 265 Pa. 576; Sundheim v. Ridge Avenue Bank, 138 Fed. 951; Tilt v. The Citizens Trust Co., 191 Fed. 441; McGirr v. Humphreys Grocery Co., 192 Fed. 55; Rudisill's Trustee v. Wildasin, 275 Pa. 255.

OPINION BY GAWTHROP, J., July 8, 1926:

This is an action of assumpsit brought by a trustee in bankruptcy to compel the defendant to pay over to him the sum of $1,500 which, it is alleged, it received from the bankrupts under circumstances which made the taking thereof a voidable preference under the Bankruptcy Act, as amended in 1910, Sec. 60-B. The

verdict was for the plaintiff and the defendant appeals from judgment entered thereon.

There was evidence sufficient to warrant a finding by the jury of the following facts: A. F. Burkhard and Clarence V. Blair, trading as A. F. Burkhard Motor Company, were engaged in the automobile business and kept an account with the defendant. They were adjudicated bankrupts on January 28, 1925. In December, 1924, when they were insolvent, and the defendant had reasonable ground to believe that they were insolvent, they asked the defendant, to which they were indebted, to increase their loans in an amount in excess of $3,000. The vice-president of the bank promised to lend them $2,500 if they would obtain a satisfactory surety on the note. A note with a surety satisfactory to the bank was presented to it on January 2, 1925. The vice-president took possession of the note and told Burkhard that the loan committee had decided that the bank would not discount it unless the Motor Company agreed to pay $1,500 of its existing indebtedness from the proceeds thereof. At that time Burkhard refused to agree to do so. A day or two later, January 8, 1925, he agreed to pay the $1,500 to the bank if it would discount the note. Whereupon, the note was discounted and the Motor Company was credited with the proceeds thereof. At the same time Burkhard drew a check on the Motor Company's account to the order of the bank for $1,500. $1,450 of the proceeds of the check was applied to the payment of two overdue notes and $50 was applied to a note not then due. When the bank accepted the check it had reasonable ground to believe that the using thereof would effect a preference and that a preference was intended. If it is permitted to retain the $1,500, it will receive a greater percentage of its claim than other creditors of the same class.

The four statutory elements of a voidable preference are: first, that the debtor was insolvent at the time of the transfer in favor of the creditor; second, that the transfer was made within four months of bankruptcy; third, that the defendant had reasonable cause to believe that the enforcement of such transfer of property would effect a preference; and fourth, that the effect was that the defendant would obtain a greater percentage of its debt than any other creditor of the bankrupt of the same class: Remington on Bankruptcy (Third Ed.) Vol. IV, Sec. 1807; Painter v. Napoleon Twp., 156 Fed. 289. The appellant does not question the sufficiency of the evidence to establish any of these elements, except the last. Its sole contention is that the court below should have declared and that we should declare, as a matter of law, that under the facts stated it did not receive an advantage over other creditors of the same class, because the transaction of January 8th did not decrease the estate of the bankrupts. It urges that when it discounted the note for $2,500 and applied $1,500 of the proceeds thereof to the liquidation of existing notes, it was merely increasing an existing indebtedness in the sum of $1,000; that this $1,000 went into the assets of the Motor Company and increased them to that extent; and that, therefore, it secured no preference over other creditors. This argument is as un-sound as it is specious. It is very clear that the bank did not regard the transaction as an increasing of the indebtedness of the Motor Company in the sense that it expected the Motor Company to make payment thereof. It refused to increase the indebtedness of the Motor Company unless it offered a note with a satisfactory surety. Its manifest purpose was to secure a payment on account of the indebtedness of the Motor Company. It got a note which would be collected from the surety and the payment of $1,500

from the insolvent debtor. Certain it is that if it is permitted to retain that money and receives from the trustee in bankruptcy its dividend on the balance of its claim, it will receive a greater percentage than other creditors of the same class. This the statute does not permit. The facts establish a clear right on the part of the plaintiff to recover and no error was committed in refusing to set aside the verdict.

The judgment is affirmed.