JOHN A. PITTS vs ARAD OWEN, Appellant.

APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

*Delivery of Goods—Goods sold and delivered—Replevin— Sale.*

P. sold a threshing machine to F., to be paid for, $100 on delivery and the balance on time notes ; and afterwards P. delivered the machine without getting the money or the notes, he thereby *prima facie* waived the condition to pay the money and make the notes as agreed, and the title to the machine *prima facie* vested absolutely in F.; but that *prima facie* title may be rebutted by evidence showing that the delivery and sale were conditional.

In an action to obtain possession of goods, the court below refused to instruct the jury, " that the delivery of possession of a chattel contracted to be delivered on payment, without enforcing the condition, is presumptive evidence of a waiver of the condition, and can only be rebutted by proof of an agreement that the title should remain in the vendor:" held that this refusal was erroneous.

Where there is an agreement for the sale and delivery of a chattel upon the payment of certain money and other conditions, the delivery by the vendor without insisting upon payment and performance of the other conditions by the vendee, is *prima facie* a waiver of the conditions, and the title passes. But this presumption is liable to be rebutted.

This was an action of replevin under the code to recover the possession of a threshing machine. The complaint alleg-

ed the ownership of the plaintiff, the possession of the defendant, and a demand and refusal to deliver, &c., in the usual form. The answer denied the complaint generally, and then set up specially, that before the commencement of the suit the machine was the property of one Elias J. Firman, who was then in possession thereof; that Owen then purchased the same of Firman for $300, paying him $200 in money, and the remainder in a note turned out to him and accepted in full payment for the property. It further alleged, that at the time of the purchase Firman had been a month in possession of the property, using the same as his own for threshing; and that the purchase was in good faith, for a valuable consideration and without notice of any right, claim or equity in any other person thereto.

The facts proved at the trial are stated in the opinion of the court. On the trial the circuit judge was asked by the defendant to instruct the jury—" If they should find that a bargain was first made between plaintiff and Firman for the machine, Firman to pay, 1st, the charges, 2d, $100, and 3d, two indorsed notes for balance, payable respectively in one and two years, and that Firman did pay said charges, and did receive a delivery in fact of the machine and of the bill of lading from the plaintiff through his agent; that then the presumption of law is that the delivery was unconditional and the title passed, unless there was an express agreement that the title should not pass.

" That the delivery of possession of a chattel, contracted to be delivered on payment, without enforcing the condition, is presumptive evidence of a waiver of the condition, and can only be rebutted by proof of an agreement that the title should remain in the vendor.

The judge refused to give these instructions, and the defendant excepted.

The jury returned: " 1st. That the plaintiff is entitled to the possession of the property in question, and they assess the value of the property at $385. 2d. The jury award the plaintiff damages by reason of the detention of the property, at six cents." Upon which judgment was rendered for the plaintiff; and the defendant appealed to this court.

*Smith & Ordway*, for the appellant.

*Billinghurst & Lewis*, for the respondent.

*By the Court*, PAINE, J.   Without determining whether
the defendant below was entitled to the first instruction asked
in the exact form in which it is drawn, we think the judgment
must be reversed for the refusal of the court to give the sec-
ond.   The testimony showed that Firman made a contract
with Billinghurst, as agent of Pitts, for the purchase of the
threshing machine in question   He was to pay the charges
and $100 on the reception of the machine, and the balance
of the purchase money in notes payable at future times.   The
machine was forwarded to a station on the La Crosse and
Milwaukee railroad, marked with the initials of Firman, and
to the care of Billinghurst.   At about this time Firman went
to Billinghurst to obtain a delivery of the machine, and Bil-.
linghurst gave him the "shipping bill" and told him that
with that he could obtain it just as well as though he, Bil-
linghurst, went along.   Firman went and got the machine on
the 2d or 3d of September, kept it till the 16th of October,
when he sold it to Owen, the appellant, from whom it was
replevied in this suit, Billinghurst having made no demand
of Firman for the $100 or the notes, until the 10th of October.

There is nothing in the bill of exceptions to show that any
question was made as to Owen's being a *bona fide* purchaser
for a valuable consideration.   But the instructions asked
point entirely to the question, whether, as between the plain-
tiff below and Firman, the conditions of the sale had been
waived, by the delivery testified to, so as to vest the title ab-
solutely in Firman.

On this point the second instruction asked by the counsel
for the defendant, was as follows: "That the delivery of pos-
session of a chattel contracted to be delivered on payment,
without enforcing the condition, is presumptive evidence of a
waiver of the condition, and can only be rebutted by the proof
of an agreement that the title should remain in the vendor."

We think the court erred in refusing this instruction. The case of *Smith vs. Squires*, 1 Selden, 41, and the cases there cited, fully establish the doctrine that on a conditional sale, a delivery of the property by the vendor, without insisting on a compliance with the condition, is a waiver of the condition, and vests the title absolutely in the vendee. Whether in any case there is such a delivery, is a question of fact for the jury, and in determining it, reference should be had to the nature of the condition, perhaps to the nature of the property delivered, the circumstances of the parties, and everything that could throw light on the question, whether the vendor intended to deliver, and at the same time did not intend to insist on a compliance with the conditions. If he does deliver without insisting on such compliance, that is *prima facie* proof of a waiver; and the vendor has then to rebut the presumption thus raised, by showing that the delivery as well as the sale, was conditional, that there was either an express or implied understanding that the title should not pass.

Of course we make no comment on the effect of the evidence offered in this case. But we think the refusal of the court to give this instruction, was equivalent to telling the jury that, although they should be fully satisfied from the evidence, that Billinghurst delivered the machine to Firman, without demanding any compliance with the conditions of sale; and, although there was no other evidence on the point, that still they would not be entitled to find the conditions waived, but must find that the title did not pass, and that the plaintiff could reclaim the property. This, we think, was erroneous, and the judgment must be reversed, and a *venire de novo* awarded.