Oester v. Sitlington.

OESTER v. SITLINGTON, *Plaintiff in Error.*

Division One, March 25, 1893.

1. **Personal Property**: SALES: POSSESSION: STATUTE.  Under tho Statute (Revised Statutes, 1889, sec. 5178) no sale of goods and chattels where possession is delivered to the vendee shall be subject to any condition as against the vendee's creditors or subsequent purchasers in good faith from him, unless such condition shall be evidenced by writing executed and acknowledged by the vendee and recorded as provided in cases of mortgages of personal property.

2. ———: ———: CONDITIONS.  The owner of personal property may place his own conditions upon its sale and transfer, and such conditions will be enforced as between the vendor and vendee.

3. ———: ———: WAIVER.  Such conditions may be waived, and an unqualified and unconditional delivery of the goods will imply a waiver.

4. ———: ———: ———: REPLEVIN.  In replevin against a sheriff the evidence showed that plaintiff had sold and delivered the goods to the defendant in the attachment suit under which the sheriff had levied thereon, and that said defendant had agreed to give his note for the goods, but had not done so.  *Held*, that it was error to instruct that plaintiff might recover if the goods were delivered upon condition of a note being given for them, and no such note was given, without qualifying the instruction by requiring the jury to find that the condition had not been waived.

5. **Pleading**: WAIVER.  A plea of general denial in such action is sufficient to raise the question of waiver, since it puts in issue the plaintiff's right to the possession of the property at the commencement of the action.

*Error to Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Henry Wollman* and *I. J. Ringolsky* for plaintiff in error.

(1) There was no agreement in this case that the title should not pass to the vendee.  If the vendor had

intended to hold the title in himself he should have had the goods consigned to himself and then sent the bill of lading to some local bank to have been delivered to the vendee on the delivery of the note or the payment of the cash. *Brunswick v. Martin*, 20 Mo. App. 158; *Burgman v. Railroad*, 104 Mo. 77. (2) The spirit of the law of Missouri is opposed to all secret reservations of title on the part of the vendor of personal property. *Straus v. Rothan*, 102 Mo. 261; *Herryford v. Davis*, 102 U. S. 235; *Collins v. Wilhost*, 18 S. W. Rep. 841. (3) Even in states where conditional sales of property are allowed, vendors under circumstances similar to those in this case are held not to have any standing in court in a replevin suit. 1 Benjamin on Sales [Corbin's Ed.] sec. 349; *Thompson v. Conover*, 32 N. J. L. 466; *Russell v. Minor*, 22 Wend. 659; *Henderson v. Lauck*, 21 Pa. 359; *Harding v. Wirts*, 1 Tenn. Ch. 610; *Paul v. Reed*, 52 N. H. 136; *Leedom v. Phillips*, 1 Yeates, 527; *Bowen v. Burk*, 13 Pa. 146; *Bachantoss v. Speicer*, 81 Pa. 324; *Mackaness v. Long*, 85 Pa. 158. (4) "The right of reclamation after delivery exists only in case of fraud or deceit in the purchase or in the procuring of the possession." See to same effect *McGraw v. Gilmer*, 83 N. C. 162; *Farmers' Phosphate Co. v. Gill*, 16 Atl. Rep. 214.

*Lathrop, Morrow & Fox* for defendant in error.

(1) Revised Statutes, 1889, section 5178, can have no application. It does not appear in the record that A. L. Kohn had any creditors, and subsequent creditors are the only ones who can invoke the statute. *State v. Brewing Co.*, 32 Mo. App. 281; *Defiance, etc., v. Trisler*, 21 Mo. App. 71; *Forrister v. Moore*, 77 Mo. 662. (2) The present case is not and cannot under the evidence be made a conditional sale. In a sale not con-

ditional two elements must concur on the part of the vendor, to-wit, he must part with right of property and right of possession. There must be a transfer of the absolute or general property in the thing sold. 1 Benjamin on Sales [4 Am. Ed.] sec. 1; Wells on Replevin, sec. 122; *Ober v. Carson*, 62 Mo. 214; *Milling v. Ins. Co.*, 25 Mo. App. 265. (3) Upon the evidence there can be no contention made that defendant in error intended, by shipment of the whiskey in controversy, to part with his right of property until the four months note was given by Kohn, or that he intended to part with his right of possession. The express contract provides the contrary, as disclosed in the letters that passed between the parties. (4) "The sale was for cash, the payment of the purchase price being a condition precedent, which not being complied with prevented the sale from being consummated." *State to use v. Brewing Co.*, 32 Mo. App. 281. (5) In the case at bar there was not only no conditional sale, but no sale at all. No title or right of property passed. *Hammett v. Linneman*, 48 N. Y. 399; *Adams v. O'Connor*, 100 Mass. 515; *Smith v. Lynes*, 5 N. Y. 43. (6) "Prior to 1877 the law in this state was, that, where personal property was sold and delivered upon an agreement that the title should not pass until the purchase money was paid, no title passed until this condition was fulfilled, and the vendor, if guilty of no laches, might recover it, even from an innocent purchaser of the vendee." *Machine Works v. Trisler*, 21 Mo. App. 70, and cases cited as follows: *Parmelee v. Cathewood*, 36 Mo. 480; *Little v. Page*, 44 Mo. 412; *Griffin v. Pugh*, 44 Mo. 326; *Ridgeway v. Kennedy*, 52 Mo. 24; *Mathews v. McElroy*, 79 Mo. 202; *Mfg. Co. v. Creep*, 85 Mo. 548. (7) For the purpose of giving protection to creditors who lent credit upon the faith of possession of property as indicating ownership, the

law was amended to read as it does now and did in the statutes of 1879 (section 2505), and this change only applies to protect subsequent creditors. *Machine Works v. Trisler*, 21 Mo. App. 71. (8) The amendment to section 2505 of Revised Statutes, 1879 (now sec. 5178, Revised Statutes of 1889), "in nowise affected the rule as between vendor and vendee." *Tufts v. Thompson*, 22 Mo. App. (564), 568. (9) The first clause of old section 2505 of Revised Statutes of 1879, now 5178 of statutes of 1889, has no application to the case at bar. *Miller v. Bascom*, 28 Mo. 354; *Wangler v. Franklin*, 70 Mo. 660. (10) Nor can an attaching creditor, by reason of the fact alone of his attachment, get any better rights to or in property attached than the attached debtor had. *Hope v. Blair*, 105 Mo. (85) 95, and cases cited; Drake on Attachment [6 Ed] sec. 245. (11) It is undeniably true, by the authorities above cited, that, in the absence of subsequent creditors, the vendor has a right, in a case like the one at bar, to repossess himself of the property. Such also is the ruling of the supreme court of this state in numerous decisions. *Ridgeway v. Kennedy*, 52 Mo. 25; *Wangler v. Franklin*, 70 Mo. 660; *Sumner v. Coffey*, 71 Mo. 126; *Coover v. Johnson*, 86 Mo. 538. (12) No question of waiver can be listened to by this court, because none is pleaded. *Fernan v. Whitford*, 39 Mo. App. 316. (13) No question of waiver can now be raised by plaintiff in error. He did not try the case in the court below on any such theory, and cannot here change his theory adopted below. He cannot be allowed to go about with a knife in his sleeve. He exhibits no proof of any special privilege to him to carry a concealed weapon. *McKinney v. Guhman*, 38 Mo. App. 346; *Martinowsky v. City*, 35 Mo. App. 78; *Richardson v. Palmer*, 36 Mo. App 101; *Whitstone v. Shaw*, 70 Mo.

580; *Walker v. Owen*, 79 Mo. 567; *Holmes v. Braid-wood*, 82 Mo. 617.

MACFARLANE, J.—The suit is replevin to recover from defendant, who was the sheriff of Jackson county, fifty barrels of whiskey, valued at $2,900, of which plaintiff claimed the ownership. The answer was in, substance a general denial.

Plaintiff was engaged at Lawrenceburgh, Indiana, in distilling whiskey and selling it at wholesale. One A. L. Kohn was engaged in the wholesale liquor business at Kansas City, Missouri. Plaintiff had in his employ a traveling agent named H. J. Bruning. The authority of the agent was limited to soliciting orders, which he was required to take subject to the approval of plaintiff. He was also required to ascertain and report the financial standing of those from whom he took orders. In September, 1889, Bruning received an order from Kohn for twenty-five barrels of whiskey, which was approved and filled by plaintiff. The bill for this order was paid by Kohn. On the occasion of taking this order Kohn told Bruning that he was worth between $30,000 and $40,000, and was able to meet all accounts. This statement was reported to plaintiff, and he was informed by his agent that Kohn was financially good and that he bought goods in large lots.

On January 20, 1890, Bruning took another order from Kohn for fifty barrels of whiskey. The order as sent to plaintiff by his agent was as follows, ommitting address:

"Mr. A. L. Kohn has this day bought of N. Oester & Co., Lawrenceburgh, Indiana, twenty-five barrels. Spg. '86 Bourbon reg'd at $1.55; twenty-five barrels Spg. '87 Bourbon registered at $1.40. Free storage

to date of shipment. Terms, four months' acceptance or four per cent. off cash. Ship April 1.''

On January 29 plaintiff wrote Mr. Kohn in reference to this order as follows:

"DEAR SIR:—Your order through our salesman, Mr. Bruning, came to hand, by which you order twenty bbls. Spg. '86 Bourbon at $1.55, regauged, and twenty-five bbls. Spg. '87 Bourbon at $1.40 regauged, four months' acceptance or four per cent. off for cash. I am sorry to say that I cannot fill the order at these terms, for the price given above is net cash on the '86 goods, and for the '87 Bourbon I cannot take less than $1.45 regauged. If you are disposed to accept the goods at these figures I propose to take a note four months bearing seven per cent. interest. I shall be pleased to hear from you soon and receive your order.''

On January 27 Kohn wrote plaintiff as follows:

"Order for fifty bbls. whiskey giving to your agent to be shipped in month of March. Please let me know if you could ship same between the first and fifth of next month, and to date me the bill from March the first and oblige.''

On January 31, 1890, Kohn wrote to plaintiff as follows:

"DEAR SIR:—Your letter of January 29 at hand. In regard to the price of Sprg. '87 at $1.45 instead $1.40 as your agent sold to me, I will say I was very well satisfied with the last goods I have bought of you, therefore I ordered the second time from your agent, but as you say in your letter a difference on the '87 goods will be five cents per gallon. On account the goods suits my trade I am willing to accept your proposition with four months at seven per cent., but I expect a high proof of goods—about 102 to 103—as per promise by your agent, and, if goods will give satisfaction same as last time, you will have my trade all

time.   Please send me those goods about February 5 th by the cheapest line, and oblige."

On the strength of this correspondence the whiskey was shipped February 4, 1890.   The bill of lading was issued by the Ohio & Mississippi Railway Company, showing that it had received from plaintiff, Lawrenceburgh, Indiana, fifty barrels of whiskey consigned to A. L. Kohn, Kansas City, Mo.

On the next day, February 5th, plaintiff wrote Kohn as follows:

"DEAR SIR:   We have shipped the fifty barrels Bourbon as ordered and got the lowest freight rates obtainable.   Inclosed you will find invoice for which amount you will please send note four months, bearing seven per cent., interest, or your draft with one per cent. off for cash.   I hope the goods will arrive in due time and give the best satisfaction, and that we may look for your future orders."

Plaintiff never received any four months acceptance, cash or note from Kohn for the whiskey.

On February 20, 1890 plaintiff wrote Kohn again as follows:

"DEAR SIR:   We have shipped you fifty barrels whiskey as per order February 4th, and have sent you invoice, B. L., etc., for same by mail, with the request to kindly send note dated from day of shipment on four months' time, drawing seven per cent. interest as per agreement, or draft with one per cent off for cash, just as you prefer, but up to this date have not heard from you.   Please answer and oblige."

Plaintiff afterwards came out to Kansas City and found the defendant, as sheriff of the county, in possession of the whiskey, claiming to hold them under writs of attachment against Kohn.   It was shown by the deputy sheriff that Kohn's store was closed by the sheriff and all its contents, including the whiskey in

question, taken under attachments. Nothing further was shown in regard to the attachment suits. This suit was commenced March 21, 1890.

Upon this evidence the court gave the jury the following instructions:

"The court instructs the jury that if A. L. Kohn bought from plaintiff the fifty barrels of whiskey in controversy, and agreed to settle therefor by giving his note for four months, bearing interest at the rate of seven per cent., and if on this condition plaintiff delivered said whiskey to said Kohn, and if upon receipt of said whiskey, or within a reasonable time thereafter, said Kohn did not give to plaintiff his said note and has never given said note to plaintiff then your verdict must be for plaintiff.

"And further the jury are instructed that they are the judges of what is, under all the circumstances of the case, a reasonable time for giving said note after receipt of said whiskey by said Kohn." The court was asked by defendant and refused to instruct the jury that under the evidence they should find for defendant.

The jury found for plaintiff and judgment was entered accordingly from which defendant appealed.

I. The question here is, whether the contract between plaintiff and Kohn, shown by their correspondence and acts, effected such a completed sale of the whisky as prevents plaintiff from reclaiming it.

Under the statute (section 5178), "No sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee and recorded as now provided in cases of mortgages of personal property."

If, then, this was a conditional sale, and plaintiff was claiming the property from the creditors or purchasers of the vendee, this statute would end the controversy. The condition, not having been evidenced as required, would have been void, and the property in the whisky would have passed to the subsequent purchaser or creditors of the vendee whether prior or subsequent. *Collins v. Wilhoit*, 108 Mo. 451.

II. But it is insisted by plaintiff that under the evidence there are no attaching creditors or purchasers in the case; but that, so far as the evidence shows, the contest is between the vendor and the mere agent or bailee of the vendee, and, as between them, the condition that the purchaser should, on delivery of the goods or within a reasonable time thereafter, deliver to plaintiff his note, bearing seven per cent. interest, is binding, and, the condition not having been complied with, the sale failed and he has the right to reclaim the goods. The instruction given indicates that the trial court adopted this view.

There can be no doubt that the owner of personal property may place his own conditions upon its sale and transfer. He may require that the contract price shall be paid in cash or satisfied by note or bill before the title shall vest in the vendee, and, as between himself and his vendee, the conditions will be upheld and enforced though the possession may have passed to the buyer. So far the statute does not interfere. Benjamin on Sales, sec. 320; Tiedeman on Sales, sec. 206, and cases cited; *Dannefelser v. Weigel*, 27 Mo. 46; *Parmelee v. Catherwood*, 36 Mo. 479; *Ridgeway v. Kennedy*, 52 Mo. 24; *Matthews v. McElroy*, 79 Mo. 202.

Even in this view of the case we do not think the instruction can be sustained. While secret liens and conditions reserved by the vendor upon title to personal property in the possession of the vendee have been

upheld, they have not been favored by the courts. Particularly has the policy of our state been in opposition to such verbal conditions upon sales. "As has been said, these sales of personal property with attached verbal conditions were the fruitful source of litigation, injustice and fraud." *Collins v. Wilhoit, supra.* Hence the rule is well settled, that, whatever the conditions precedent that may have been imposed by the contract of sale, they may be waived by the seller, and that an unqualified and unconditional delivery will imply a waiver of such conditions, and that reliance is placed upon the personal responsibility of the vendee. In such case the duty will be cast upon the seller to show, that, notwithstanding the unconditional delivery, the parties. intended that the conditions should be performed before the right of property should pass. "If the goods are delivered without payment, it is presumed that the condition precedent was waived, and the title passes. absolutely to the vendee on the delivery of the goods." Tiedeman on Sales, sec. 217, and cases cited in note 6.

Payment of the contract price is generally a condition to be performed simultaneously with delivery. "If such be the contract, a waiver of the condition may be presumed from an unconditional delivery without exacting payment, and, in the absence of explanatory proof, the property will vest in the purchaser." *Cole v. Berry,* 42 N. J. L. 310; *Parmelee v. Catherwood, supra;* 2 Kent's Commentaries, 496; *Freeman v. Nichols,* 116 Mass. 309; *Smith v. Lynes,* 5 N. Y. 41; *Pitts v. Owen,* 9 Wis. 152.

We think the evidence almost conclusive that plaintiff did not rely upon the condition or that the giving of the note was even intended as a condition precedent to vesting the title to the whisky in Kohn. It is not pretended that there was any express reservation of the title in plaintiff until the note should be given. The possession was delivered to the carrier,

consigned directly to the vendee. Plaintiff could, by taking the bill of lading in his own name, have retained possession and control of the goods until the condition had been performed had he seen fit to do so. "If the bill of lading or written evidence of the delivery to a carrier be taken in the name of the consignee or be transferred to him by indorsement, the strongest proof is afforded of the intention to transfer the property to the vendee." *Wigton v. Bowley*, 130 Mass. 252.

The instruction, even on the theory contended for by plaintiff, should have been qualified by requiring the jury to find that the condition had not been waived. *Dannefelser v. Weigel, supra.*

We do not determine whether the evidence of the deputy sheriff, given without objection, that the whiskey was seized under writs of attachment against Kohn, was sufficient to justify an inference that the rights of attaching creditors intervened.

III. Plaintiff insists that there was no such issue as waiver raised or tried in the circuit court and it should not be considered here. We are only advised of what issues were raised and tried in the circuit court by the record before us. The plea of defendant was a general denial. This plea, under the code, "puts in issue the plaintiff's right to the possession of the property at the commencement of the action, and every collateral fact necessary to the establishment of the same." Cobbey on Replevin, sec. 751; Wells on Replevin, sec. 696; *Bailey v. Swain*, 45 Ohio St. 657; *Branch v. Wiseman*, 51 Ind. 1; *Holmberg v. Dean*, 21 Kan. 73; 10 Iowa, 227; 21 Neb. 72. The question of waiver was thus made an issue in the case and the evidence tended to prove that issue. We are unable to say what prominence the court gave it, but it is in the record for our consideration.

IV. Plaintiff makes a claim that the transaction between himself and Kohn as shown by the evidence

constituted no sale at all but only an unconsummated agreement to sell with a conditional delivery. Without dealing in refinements over the use of terms, we think it unimportant what the transaction may be called; if it was not an unconditional sale and delivery, it was certainly a sale on condition within the rule herein announced. It was an agreement that the property should pass to the vendee, upon performing the conditions imposed, and similar transactions are called sales on condition in the authorities we have cited in support of our conclusion. Reversed and remanded. All concur.