MANSUR-TEBBETTS IMPLEMENT COMPANY, Appellant, v. T. G. PRICE, Respondent.

**Kansas City Court of Appeals, October 30, 1899.**

'**Sales:** CONDITIONS: STATUTE. Where goods are delivered to the vendee, all conditions as to the property remaining in the vendor and the satisfaction of the vendee with the property, must be in writing, acknowledged and recorded, or the goods will be considered as the property of the vendee and subject to the claims of his creditors.

Appeal from the Pettis Circuit Court.—*Hon. G. F. Longan,* Judge.

AFFIRMED.

*Bente & Wilson* for appellant.

(1) The court erred in giving defendant's instruction in the nature of a demurrer to the evidence. All the evi-

dence produced in the case shows that appellant never sold said engine to Peter Frank and never parted with the title to it. The only question in the case was, who owned the engine in question. In actions of replevin, where the evidence of title is conflicting, the question must be submitted to the jury, although the weight of evidence is on one side. Milling Co. v. Walsh, 24 Mo. App. 97; Taylor v. Short, 38 Mo. App. 21; Twohey v. Fruin, 96 Mo. 104; Charles v. Patch, 87 Mo. 450; Mathews v. Railway, 26 Mo. App. 75; Grant v. Railway, 25 Mo. App. 227; Higgins v. Railway, 43 Mo. App. 547; Finch v. Ullman, 105 Mo. 255; Fanke v. St. Louis, 110 Mo. 516.

*W. D. Steele* and *D. E. Kennedy* for respondent.

(1) Where there is no evidence to sustain the material allegations of a petition, there is nothing for the jury to consider and the court may so declare. Higgins v. Railway, 43 Mo. App. 547; Powell v. Railroad, 76 Mo. 80; Jackson v. Hardin, 83 Mo. 175; Reichenbach v. Ellerbe, 115 Mo. 588; Gerrans v. Mfg. Co., 51 Mo. App. 615; Burger v. Railway, 52 Mo. App. 119. (2) In actions of replevin, the plaintiff must recover on the strength of his own title, not on the weakness of the title of defendant. Kennedy v. Dodson, 44 Mo. App. 550; Rhoades v. McNulty, 52 Mo. App. 301; Bates v. Spencer, 42 Mo. App. 184; Saddlery Co. v. Kingman, 42 Mo. App. 208. (3) No sale of goods or chattels, where possession is delivered to the vendee, shall be subject to any condition as against the vendee's creditors or subsequent purchasers in good faith from him, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee and recorded as provided in cases of mortgages of personal property. R. S. 1889, sec. 5178; Oester v. Sitlington, 115 Mo. 247; Collins v. Wilhoit, 108 Mo. 451; Steinwender v. Creath, 44 Mo. App. 356; Corning

v. Rhinehart, 46 Mo. App. 16; Taylor v. Smith, 47 Mo. App. 141; Straus v. Rothan, 102 Mo. 261; Andrews v. Costican, 30 Mo. App. 29; Updyke v. Wheeler, 37 Mo. App. 680; Crum v. Elliston, 33 Mo. App. 591; Robbins v. Phillips, 68 Mo. 100.

ELLISON, J.—This is an action of replevin for a gasoline engine. Judgment was rendered for defendant in consequence of a peremptory instruction requiring a verdict for him. Defendant claims the property as constable under the levy of an execution against one Frank at the suit of M. B. Coleman.

The evidence for plaintiff showed a sale to Frank by plaintiff and possession delivered to him. But plaintiff claims that the property in the engine never passed to Frank for the reason that there was annexed to the sale a stipulation as to how it should be paid for and that it should prove satisfactory to Frank. And that the stipulation as to payment had in no part been complied with and that the engine was not satisfactory to Frank. These conditions of sale were verbal and in no respect complied with section 5178, Revised Statutes 1889, they not being in writing, acknowledged and recorded. Coleman being a creditor of Frank had a right to regard the property as Frank's free of any condition claimed. Collins v. Wilhoit, 108 Mo. 451; Oester v. Sitlington, 115 Mo. 247. The court was right in granting defendant's peremptory instruction and the judgment will be affirmed. All concur.