## C. TOM BAILEY, Appellant, v. JOHN DENNIS et al., Respondents.

### Kansas City Court of Appeals, January 11, 1909.

1. **PENAL BONDS: Replevin: Jurisdiction: Statute.** Where a replevin suit is dismissed for want of jurisdiction in an action on the bond the defendant therein, may, under section 3924, Revised Statutes 1899, set up that the ownership and right to possession of the replevined property was in the defendant and that the plaintiff was not injured by the taking and detention thereof.

2. **SALES: Condition: Passing of Title.** Where at a sale it is the manifest intention of the parties that the title of the property should not vest in the vendee until the performance of the condition of the sale and there is no intention of the vendor to waive the condition by accepting the promise of the vendee to perform, then the title to the property does not pass, though a conditional delivery occur.

3. **APPELLATE PRACTICE: Admission of Evidence: Counter-Claim: Finding.** On appeal it is immaterial whether or not the trial court had evidence of a counterclaim where the finding on such claim was for the respondent.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*Hall & Hall* and *O. G. Williams* for appellant.

(1) The trial court erred in refusing appellant's peremptory instructions and in trying the replevin suit or the right of possession of the property in this suit on the replevin bond. The fact that appellant failed to have his damages assessed or judgment for the return of property, as provided by the statutes, did not deprive him of his right of action. Berghoff v. Heckwolf, 26 Mo. 511. (2) The common law action on the bond exists independent of the statutes. Collins v. Hough, 26 Mo. 153; Hansard v. Reed, 29 Mo. 472; Smith v. Winston, 10 Mo. 299; Elliott v. Black, 45 Mo. 372; Morrison v. Yancey, 23 Mo. App. 670; White v. Houten, 51 Mo. 577, 579.

*M. Bingham* and *O. G. Bain & Son* for respondent.

(1) The three cows replevied in the original replevin suit, having been afterwards taken and delivered to respondent, Dennis, and said suit having been thereafter dismissed for want of jurisdiction, this case falls within the provisions of section 3924 of the Revised Statutes of 1899, and respondents are now entitled to show their ownership and right of possession in the property involved in the replevin suit in defense to the suit herein on the replevin bond. (2) Where the terms of an auction sale are announced beforehand by the auctioneer and the buyers are notified that the property will be sold on terms of nine months' notes

without interest with approved security, such sales are conditional, and said condition must be complied with by the purchaser, or the title to the property will not pass. Mathew v. McElroy, 79 Mo. 202; Tiedeman on Sales, section 206 and cases cited; Oester v. Sitlington, 115 Mo. 255; Cannefelser v. Weigel, 27 Mo. 46; Benjamin on Sales, sec. 334; Ridgeway v. Kennedy, 52 Mo. 24. (3) And where the sale of goods is made with the understanding that the buyer is to pay for same by furnishing notes, which are to be of a certain kind or character, the sale is conditional, notwithstanding the fact that delivery has been made to the buyer and upon default of payment the seller has the right to reclaim his goods by writ of replevin. 1 Benjamin on Sales, p. 341; Harris v. Smith, 3 S. & R. (Pa.) 20; Russel v. Minor, 22 Wend. 659; Tyler v. Freeman, 3 Cush. 261; Wittney v. Eaton, 17 Gray 225; Hirschorn v. Canney, 98 Mass. 149; Seed v. Lord, 66 Maine 580; Hodgson v. Berrett, 33 Ohio State 63. (4) Nor where the terms of the sale are that the goods are transferred for a fixed cash price and delivery has actually been made, no title passes until payment is made, or said payment is waived. Griffin v. Pugh, 44 Mo. 326; Tufts v. Thompson, 22 Mo. App. 564; Strauss v. Hirch, 63 Mo. App. 95; Johnston v. Parrott, 92 Mo. App. 199; Elevens v. Smith, 1 Denio 571; Hemmett v. Linneman, 48 N. Y. 405; Osborn v. Gantz, 60 N. Y. 540; Mason v. Decker, 72 N. Y. 599; Dows v. Kidder, 84 N. Y. 124; Adams v. O'Conner, 100 Mass. 515; Stone v. Perry, 60 Maine 48; Fennelon v. Hoggoboon, 31 Wis. 176; Mathews v. Cowan, 59 Ill. 347; Allen v. Hartifield, 76 Ill. 358; Little v. Page, 44 Mo. 412; Bauchamp v. Archer, 58 Cal. 431. (5) The delivery with the expectation of receiving immediate payment is not absolute, but conditional until payment is made. And where there is no payment, no title vests in the purchaser until the price is paid. Elevator Co. v. Bank, 23 Ohio 319.

JOHNSON, J.—Suit on a replevin bond. Verdict, and judgment were for defendant and plaintiff appealed. February 24, 1902, Dennis had a public sale of his personal property at his farm in Grundy county. Plaintiff attended and bid off three cows at the price of $68, and a quantity of oats at $31.05. The terms of the sale announced by the auctioneer permitted purchasers to give their negotiable promissory notes due nine months after date, with security to be approved by a Mr. Wolz, who had agreed to purchase the notes of Dennis and was present at the sale. Plaintiff claimed Dennis owed him an account and desired to have it credited on his purchase. After some discussion, the parties agreed that the amount of the account was $5 and that sum was allowed as a credit. Plaintiff paid five cents to reduce the purchase price to even dollars, and a note for $94 was made out in accordance with the terms of the sale and given him. He signed it and agreed to have it signed by a solvent surety and then to deliver it to Dennis the next day. He was permitted to drive away the three cows and to take a load of oats. The next day, plaintiff's son came to Dennis for the remaining load of oats, but failed to bring the note. With some hesitation, Dennis permitted him to take the load, but sent back a note to plaintiff urging him to send the promissory note at once. This, plaintiff failed to do and Dennis brought a replevin suit before a justice of the peace and, by giving bond, regained possession of the cows but not of the oats. Plaintiff won that suit in the justice court and Dennis appealed to the circuit court where the action was dismissed on the ground of lack of jurisdiction in the court where it was brought. We affirmed the judgment on appeal (104 Mo. App. 638). Plaintiff then brought suit on the replevin bond to recover the value of the cows and his expenses, etc., in defending the replevin suit. The defense tendered by the answer is that plaintiff is not entitled to recover because at the time the replevin suit

Bailey v. Dennis.

was brought, the title and right to possession of the property were in defendant, Dennis, and not in plaintiff. Defendants also filed a counterclaim for $37.50, the value of the oats they claim were wrongfully converted by plaintiff.

We think defendants are right in their contention that the dismissal of the replevin suit for want of jurisdiction did not preclude them from meeting the claim of plaintiff that he had been injured and damaged by breach of the replevin bond with the showing that plaintiff had not thus been injured and damaged, for the reason that at the time the replevin suit was begun, he was not entitled to the possession of the property, but the right of possession and ownership were vested in defendant Dennis. It is provided in section 3924, Revised Statutes 1899, that in cases of this character, where the action is dismissed for want of jurisdiction, the defendant shall have a right of action on the bond, but that in such action, the defendants therein "shall have the right to set up as a defense the ownership or the right of possession of the property involved in the original replevin suit." This statute clearly authorizes the defense here tendered, and we turn to the contention of whether the facts in proof show or tend to show that ownership and right of possession were in Dennis and not in plaintiff.

It is our conclusion from a careful consideration of the evidence, and particularly the testimony of plaintiff himself, that the learned trial judge would have been warranted in peremptorily directing the jury to find for defendants on the issue under consideration. Unquestionably, plaintiff obtained possession of the property on the well understood condition of the terms of the sale that immediately he would give his note signed by a solvent surety. The manifest intention of the parties was that the title of the property would not vest in plaintiff until the performance of this condition

and all the circumstances of the delivery show there was no thought on the part of the vendor of waiving that condition by accepting the promise of his vendee. The rule thus is stated in Oester v. Sitlington, 115 Mo. 247: "There can be no doubt that the owner of personal property may place his own conditions upon its sale and transfer. He may require that the contract price shall be paid in cash or satisfied by note or bill before the title shall vest in the vendee, and, as between himself and his vendee, the conditions will be upheld and enforced though the possession may have passed to the buyer." Another very lucid statement of the rule is to be found in the opinion of Senator EDWARDS in Russell v. Minor, 22 Wend. 659: "When on the delivery of property sold, an act is to be done by the purchaser, and the seller delivers the property without requiring it to be done, the delivery is a waiver, and the property is transferred to the purchaser, although he has not complied with the terms of the contract; but where something is to be done by the purchaser simultaneously with the delivery, which has not been waived by delivering the property without requiring it to be done, the delivery is conditional and does not become complete so as to change the right of property until the condition is complied with."

Under this rule, we must hold the delivery conditional in the present case and since this conclusion is based on the admissions of plaintiff himself, we find it unnecessary to discuss other questions raised by him. Whether or not the court should have heard evidence on the counterclaim is immaterial for the reason that the verdict and judgment were against defendants on the counterclaim and, therefore, plaintiff could not have been injured by error committed with reference to that issue.

Finding no error in the record prejudicial to plaintiff and believing that the judgment is for the right party, we affirm it. All concur.