## HART v. EMMERSON–BRANTINGHAM CO.

(District Court, E. D. Missouri, N. D.   February 10, 1913.)

No. 30.

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALES.

Where property delivered to a bankrupt under a contract of conditional sale reserving title in the seller until paid for, although not recorded as required by the laws of the state to render it valid as against certain creditors was good between the parties, and prior to the bankruptcy, but within four months, the seller took back the property, it is not recoverable by the bankrupt's trustee under Bankruptcy Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438) as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), giving him as to such property "the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied," nor as property preferentially transferred by the bankrupt, since it never became his property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

At Law.   Action by Charles K. Hart, trustee of John F. Reece, bankrupt, against the Emmerson-Brantingham Company.   Judgment for defendant.

Bresnehen & West, of Brookfield, Mo., for plaintiff.

E. S. Ellis and Frank W. Yale, both of Kansas City, Mo., for defendant.

DYER, District Judge.   This is a suit brought by Charles K. Hart, trustee of the estate of John F. Reece, bankrupt, as plaintiff, against Emmerson-Brantingham Company, as defendant, seeking to recover certain property, or its value, alleged to have been transferred by the bankrupt to the defendant as a preference under the bankrupt law.

The evidence shows that, during the years 1909 and 1910, the defendant sold certain farming implements to the bankrupt, pursuant to the terms of written contracts, wherein it was provided that the bankrupt would pay a stipulated price for the goods, would execute notes in settlement of the accounts, and each contract further provided:

"That the title to all goods shipped under this contract is to remain in Emmerson-Brantingham Company, until it shall have received the money for same, and, upon failure to make such payment, Emmerson-Brantingham Company may repossess itself and take away said goods."

The contracts further provided that the notes given thereunder "are not accepted as payment, but as evidence of indebtedness only."

The evidence further shows that the goods sold were delivered by the defendant to the bankrupt and that the bankrupt gave the defendant his notes in settlement therefor as provided in the contract.   It is admitted that the contracts of sale in question were never recorded or filed for record.   It further appears from the evidence that on November 14, 1911, the defendant held four notes which had been given it by the bankrupt for goods purchased under the contracts before mentioned, aggregating in amount $675.10, and that the bankrupt then had

in his possession goods purchased by him under said contracts, aggregating in value $400, and that on that day the bankrupt delivered the goods on hand to the defendant under the terms of the contracts in full payment of the notes held by the defendant.

The evidence further shows that in December, 1911, an involuntary petition in bankruptcy was filed against the bankrupt, and that thereafter, on January 18, 1912, he was adjudged a bankrupt, and that the the plaintiff was afterwards elected, and has duly qualified as his trustee in bankruptcy.

The evidence as to the financial condition of the bankrupt on the date of the transfer complained of is not very clear or satisfactory, but, taken as a whole, the evidence satisfies me that the bankrupt was then insolvent and that defendant's agent, at the time he took the goods here in question, had knowledge of the bankrupt's insolvent condition.

It would seem to admit of no doubt that the contracts for the sale of the goods here in question were, as between the bankrupt and the defendant, valid contracts of conditional sale, and that, as between the parties, the contracts reserved to the defendant title to such goods sold under the contracts as remained in the possession of the bankrupt. Columbus Buggy Company v. Hord, 65 Mo. App. 41; Oester v. Sitlington, 115 Mo. 247, loc. cit. 255, 21 S. W. 820. It is also clear that independently of the bankrupt law the defendant would have been entitled to reclaim the goods from the bankrupt, and that the defendant's title to the property would have been good, except as against subsequent purchasers or creditors of the bankrupt armed with judicial process. R. S. Mo. 1909, § 2887; Thompson v. Massey, 76 Mo. App. 197, loc. cit. 204. The authorities also make it plain that prior to the amendments of June 25, 1910, the defendant's title would have been good under the bankrupt law, and that it would have been entitled to reclaim the goods from the trustee in bankruptcy even if they had remained in the possession of the bankrupt up to the time of the adjudication of the bankruptcy. York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Bryant v. Swofford, 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997; In re Great Western Manufacturing Co., 18 Am. Bankr. Rep. 259, 152 Fed. 123, 81 C. C. A. 341.

It is contended on behalf of the trustee that the defendant's title to the goods was rendered invalid by section 47, cl. 2, of the Bankrupt Act, as amended by the Act of June 25, 1910. The provision in question is as follows:

"Trustees shall respectively (1) account for and pay over to the estates under their control all interest received by them upon property of such estates: (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estates as expeditiously as is compatible with the best interests of the parties in interest; and such trustees as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

It is conceded by the defendant that, if the goods in controversy had remained in the possession of the bankrupt up to the time of the ad-

judication of bankruptcy, the provision of the Bankrupt Act just quoted would have rendered its title invalid as against the trustee, for, in respect of "property in the custody or coming into the custody of the bankruptcy court," the amendment of 1910 confers upon the trustee "all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." But, as the property here in question was turned over by the bankrupt to the defendant, before the commencement of the bankruptcy proceeding, and never came into the custody of the bankruptcy court," the provision of section 47, cl. 2, last referred to, is rendered inapplicable to the facts in the case. The trustee is thus constrained to rely on that portion of section 47, cl. 2, which provides that, as to "property not in the custody of the bankruptcy court," the trustee "shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." It seems reasonably clear that the "rights, remedies and powers" with which the trustee is invested arise, by relation, as of the date of the commencement of the bankruptcy proceeding, or as of the date of the adjudication of bankruptcy, and not as of an earlier date.

We thus come to the ultimate question here presented, namely, has a judgment creditor of a conditional vendee any remedy or right of redress as against the conditional vendor, where such vendor has reclaimed his goods from the vendee pursuant to the terms of the contract of conditional sale, previous to the rendition of the creditor's judgment? While I can find no case decisive of this precise question, a resort to fundamental principles constrains me to conclude that under these circumstances a judgment creditor would be entitled to no redress as against the conditional vendor. In the case here presented, the conditional vendor reclaimed its goods under a title which was superior to that of its conditional vendee, and as, at the time of the transaction, the return of the property was a lawful and valid act as between the parties, and as the rights of no creditor had then attached, it would seem clear upon principle that the transaction cannot be successfully assailed by one who is subsequently vested with the rights of a judgment creditor. Humphrey v. Tatman, 14 Am. Bankr. Rep. 74, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956; Thompson v. Fairbanks, 13 Am. Bankr. Rep. 437, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Johansen Bros. Shoe Co. v. Alles, 28 Am. Bankr. Rep. 299, 197 Fed. 274, 116 C. C. A. 636; Barton v. Sitlington, 128 Mo. 164, 30 S. W. 514. The same considerations lead me to the conclusion that the return of the goods cannot properly be treated as a preferential transfer, for the defendant took back the property under the assertion of a paramount title, and did not take it as a creditor for application upon a debt. The case of McFarlan Carriage Company v. Wells, 99 Mo. App. 641, 74 S. W. 878, decided by the Kansas City Court of Appeals, and the case of Studebaker Brothers Company v. Carriage Co., 152 Mo. App. 401, 133 S. W. 412, seem to proceed upon principles at variance with those above stated; but these cases appear to me to be based upon an erroneous construction of the bankrupt act and fail to give effect to controlling decisions construing the act, and hence I do not

feel at liberty to apply to this case the doctrine announced in those cases.

In addition to the reasons already indicated, there is another reason why the plaintiff in this case cannot recover. To entitle him to a judgment, it is incumbent on the plaintiff to both plead and prove that the effect of the transfer complained of was to enable the defendant to obtain a greater percentage of its debt than any other creditor of the bankrupt of the same class. Swarts v. Fourth National Bank, 8 Am. Bankr. Rep. 673, 117 Fed. 1, 54 C. C. A. 387; Painter v. Napoleon Township (D. C.) 19 Am. Bankr. Rep. 412, 156 Fed. 289. The plaintiff has properly pleaded this essential element of a voidable preference, but no evidence has been submitted to sustain the allegation. The evidence fails to show what assets came into the hands of the trustee, and what creditors are entitled to participate in the distribution, and hence it is impossible to determine whether the return of the defendant's goods has resulted in giving it a greater percentage of its debt than has, or will be, paid to other creditors.

For the reasons stated, I conclude that plaintiff is not entitled to recover. The finding will be against the plaintiff and in favor of the defendant, and judgment will be entered accordingly.