JOSEPH LEVY, as Trustee in Bankruptcy of MUTUAL DOLL Co., INC., Plaintiff, *v.* ISAAC KASSEL and Another, Defendants.

Supreme Court, New York County, April 23, 1925.

**Bankruptcy — action by trustee in bankruptcy to recover moneys alleged to have been paid defendants for purpose of giving them preference over bankrupt's creditors — failure of plaintiff to sustain allegation of preference warrants direction of verdict for defendants.**

A verdict should be directed for the defendants, in an action by a trustee in bankruptcy, to recover moneys alleged to have been paid to defendants for the purpose of giving them preference over other creditors of the bankrupt, where it appears that there was a failure to show that said payments were made within four months prior to the filing of the petition; that at the time said payments were made said bankrupt was insolvent; that the effect of said payments was to give the defendants a greater percentage of their debt than was accorded creditors of the same class; that defendants had reasonable cause to believe that said bankrupt intended by said payments to give them a preference; and that the trustee has not sufficient assets to satisfy the claims of creditors.

Motion by defendants for a direction of a verdict.

*Eugene I. Yuells,* for the plaintiff.

*Nathan Shimkin* [*David Haar* of counsel], for the defendant Kassel.

*Louis Quasha* [*David Haar* of counsel], for the defendant Goldberg.

Cotillo, J.:

The plaintiff herein sues as trustee in bankruptcy of the estate of the Mutual Doll Company, Inc., to recover from the defendants the sum of $15,000 alleged to have been paid by the bankrupt for the purpose of giving the defendants a preference over other creditors of the bankrupt. The plaintiff has failed to sustain his first cause of action because he failed to prove: *First,* that the payments were made within four months before the filing of the petition; *second,* that at the time of the payments the bankrupt was insolvent, within the meaning of subdivision 15 of section 1 of the Bankruptcy Act (30 U. S. Stat. at Large, 544; U. S. Comp. Stat. § 9585; Barnes Fed. Code, § 9086); *third,* that the effect of the payments was to give the defendants a greater percentage of their debt than other creditors of the same class; *fourth,* that the defendants had reasonable cause to believe that it was intended by such payments to give them a preference; *fifth,* that the trustee has not sufficient assets in his hands to satisfy the claims of the creditors. In the case of *Hart v. Emmerson-Brantingham Co.* ([D. C.] 203 Fed. 60; 30 Am. Bankr. Rep. 218) the court said: " In addition to the reasons already indicated, there is another reason why the plaintiff in this case cannot recover. To entitle him to a judgment, it is incumbent on the plaintiff to both plead and prove that the effect of the transfer complained of was to enable the defendant to obtain a greater percentage of its debt than any other creditor of the bankrupt of the same class. *Swarts v. Fourth National Bank,* 8 Am. Bankr. Rep. 673; 117 Fed. 1; 54 C. C. A. 387; *Painter v. Napoleon Township,* (D. C.) 19 Am. Bankr. Rep. 412; 156 Fed. 289. The plaintiff has properly pleaded this essential element of a voidable preference, but no evidence has been submitted to sustain the allegation. The evidence fails to show what assets came into the hands of the trustee, and what creditors are entitled to participate in the distribution, and hence it is impossible to determine whether the return of the defendant's goods has resulted in giving it a greater percentage of its debt than has, or will be, paid to other creditors."

In the second cause of action the plaintiff alleges that the defendants, with intent to defraud the other creditors of the bankrupt, did take away $15,000 of the bankrupt estate. The second cause

of action must fail because the record is barren of any proof that the bankrupt did take away $15,000 of the bankrupt estate.

The plaintiff having failed to prove the necessary elements involved in the first cause of action, and the record being barren of any evidence to substantiate his second cause of action, defendants' motion for a direction of a verdict is hereby granted.